IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES LEE MCMILLION, SR.,

        Petitioner,

v.                                   CIVIL ACTION NO.  5:06-cv-00563
                                   (Criminal No. 5:04-cr-00191-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Docket 185], brought pursuant to 28 U.S.C. § 2255.  In that filing, Petitioner seeks to have his sentence vacated on grounds that his trial counsel was ineffective.  By Standing Order entered on July 21, 2004, and filed in this case on July 17, 2006, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  On November 20, 2006, the case was reassigned to the undersigned District Judge.

On October 20, 2008, Petitioner filed a motion to amend his § 2255 motion to include a claim that his conviction under 18 U.S.C. § 924(c)(1)(A), charged in Count Five of the superceding indictment in Petitioner's underlying criminal case, be set aside based on the Supreme Court's holding in *Watson v. United States*, 552 U.S. 74 (2007).  That motion was granted by Magistrate Judge VanDervort on May 11, 2009, and Respondent filed a Response [Docket 223] on June 9,

2009, representing that it does not oppose the Court setting aside Petitioner's conviction on Count Five and re-sentencing him on Count Six. On July 2, 2009, Magistrate Judge VanDervort filed his PF&R, recommending that the Court **DENY** Petitioner's § 2255 motion as to his ineffective assistance of counsel claim, **GRANT** the motion as to his *Watson* claim, and **RE-SENTENCE** Petitioner on Count Six of the Superceding Indictment.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R were due by July 17, 2009. To date, no objections have been filed.

Although no objections have been filed, the Court has reviewed the PF&R and seeks the input of counsel on the issue of Petitioner's allegation that his trial counsel was ineffective in advising him to refuse a certain plea deal. (*See* Docket 224 at 13–14.) Accordingly, the Court will withhold ruling on this issue pending argument by counsel at re-sentencing, and **DIRECTS** counsel to be prepared to discuss this issue at that time.

For the reasons stated above, the Court **ADOPTS** the PF&R except as to the above-listed ineffective assistance of counsel claim, **GRANTS** Petitioner's Motion to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody [Docket 185] as it relates to his *Watson* claim, and **SCHEDULES** this matter for re-sentencing on **August 31, 2009, at 11:00 a.m. in Beckley**. The Court **DIRECTS** the United States to prepare the necessary writ to arrange for the Defendant's appearance at this hearing. Having previously found Defendant to be indigent and entitled to appointment of counsel under the Criminal Justice Act, the Court **DIRECTS** the Federal Public Defender to undertake representation or re-appoint counsel for Petitioner in connection with the re-sentencing.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and the Federal Public Defender.

    ENTER:    August 3, 2009

    _____
    THOMAS E. JOHNSTON
    UNITED STATES DISTRICT JUDGE